**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

VALERIE FLORES,

                                                    Plaintiff,

            v.

RICHARD POPE SR., et al.,                                    No. 1:26-CV-0159
                                                                        (BKS/PJE)

                                                    Defendants.

---

**APPEARANCES:**
Valerie Flores
P.O. Box 1110 ACP 5749
Albany, New York 12201
Plaintiff pro se

**PAUL J. EVANGELISTA**
**U.S. MAGISTRATE JUDGE**

### REPORT- RECOMMENDATION and ORDER

Plaintiff pro se Valerie Flores[1] purported to commence this action on February 1, 2026, with the filing of a complaint. *See* Dkt. No. 1. In lieu of paying this Court's filing fee, plaintiff submitted an application for leave to proceed in forma pauperis ("IFP"). *See* Dkt. No. 2. The undersigned has reviewed plaintiff's IFP application and determines that she financially qualifies to proceed IFP.[2] As IFP has been granted, the Court is compelled to review plaintiff's complaint pursuant to 28 U.S.C. §§ 1915; 1915A.

---

[1] Plaintiff has repeatedly commenced actions in this Court, despite it being an improper venue. Due in part to this issue, on February 4, 2026, this Court implemented a prefiling injunction stating that plaintiff may not commence any new actions in this District without proper permission of the chief judge, as well as a revocation of her MFT (electronic filing) privileges. *See* 1:26-pf-0001 (BKS), *In re Valerie Flores*. As this action was commenced before the entry of that prefiling injunction, it does not apply to this case.
[2] Plaintiff is advised that although she has been granted IFP status, she is still required to pay any fees and costs they may incur in this action, including, but not limited to, copying fees, transcript fees, and witness fees.

It appears that plaintiff is currently a resident of the Northern District of New York. *See* Dkt. No. 1 at 1.  Plaintiff's provided address is based on her participation in the New York State Address Confidentiality Program, which allows the use of a post office box in Albany, New York. *See* Dkt. No. 1 at 7.  Plaintiff names Richard Pope Sr., Richard Pope Jr., and Cassandra Pope as defendants.  She alleges that Pope Sr. is a citizen of Illinois; Pope Jr. is a citizen of California; and Cassandra Pope is a citizen of Wisconsin, Illinois, Florida, or Tennessee. *See* Dkt. No. 1 at 2.

Affording this pro se plaintiff due solicitude and liberally construing her complaint, it appears she seeks monetary damages, in the form of "restitution and crime victim compensation," from each defendant for alleged tortious conduct involving her person and property.  Dkt. No. 1, 1-1. She also seeks an "injunction against all 3 defendants." Dkt. No. 1 at 5.  Her handwritten form complaint alleges that defendant Richard Pope Sr. rear-ended her in 2013 in Wisconsin; that in 2023 and/or 2024, defendants Richard Pope Sr. or Pope Jr. stole property from her motor vehicle in California; and that in 2026, defendant Cassandra Pope "[p]ossibly stole a rental vehicle [she] attempted to rent . . ." *Id.* at 4.  She further alleges that the defendants harassed and retaliated against her for the action she took in relation to the 2013 accident by possibly engaging in fraudulent impersonation, with Pope Sr. impersonating a police officer and Cassandra Pope impersonating an insurance company employee.  *See id.* at 3.

Plaintiff has failed to establish that venue is proper in the Northern District of New York. The only connection to this district is her allegation of residence here.  *See* Dkt. No. 1. "[I]t is absolutely clear that Congress did not intend to provide for venue at the residence of the plaintiff." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 185 (1979).

> Notwithstanding Plaintiff's present geographical location, the venue statute does not refer to where any plaintiff resides. The statute refers to the district where the defendants reside if they all reside in the same state in which the district is located, or to a district where a substantial part of the acts or omissions that form the basis for the complaint occurred.

*Townsend v. Pep Boys, Manny Moe and Jack*, 1:13-CV-1606 (MAD/RFT), 2014 WL 4826681, at *3 (N.D.N.Y. Sept. 29, 2014)[3] (citing 28 U.S.C. § 1391(b)(1), (b)(2)); "[A] plaintiff's residence is irrelevant to the venue inquiry . . . ." *Kim v. Saccento*, No. 21-2865, 2022 WL 9583756, at *1 (2d Cir. Oct. 17, 2022) (summary order), *cert. denied*, 143 S. Ct. 1750 (2023).  Venue in civil actions in federal court is governed by 28 U.S.C. § 1391(b), which provides,

> [a] civil action may be brought in—
> (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Although a plaintiff's choice of forum is generally granted "considerable weight,"

> [w]hen a case is filed in a district in which venue is improper, the court "shall dismiss" the case or, "if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added). Even if venue is proper, a district court may sua sponte transfer an action in the interest of justice and for the convenience of the parties and witnesses to any other district where it might have been brought. 28 U.S.C. § 1404(a); *Ferens v. John Deere Co.*, 494 U.S. 516, 530 (1990); *Lead Indus. Ass'n, Inc. v. Occupational Safety & Health Admin.*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (citing cases); *Kelly v. Kelly*, 911 F.Supp. 70, 71 (N.D.N.Y. 1996).

---

[3] As the Court recently provided plaintiff with copies of this unpublished case in connection with at least one of her recent cases,1:25-CV-01733 (MAD/PJE), *Flores v. Vang, et al.*, the Court does not provide additional copies.

*Hines v. Dell*, No. 5:20-CV-638 (TJM/ATB), 2020 WL 3100260, at *2 (N.D.N.Y. June 11, 2020), *report and recommendation adopted*, No. 5:20-CV-638 (TJM/ATB), 2020 WL 4500677 (N.D.N.Y. Aug. 5, 2020).[4] "When considering whether to transfer an action sua sponte, courts follow the same traditional analysis used when a party moves for a change of venue."  *Id.* at 2 (citing *Flaherty v. All Hampton Limousine, Inc.*, No. 01 Civ. 9939 (SAS), 2002 WL 1891212. at *1-2 (S.D.N.Y. Aug. 16, 2022)).[5] Specifically, "[m]otions to transfer venue are governed by a two-part test: (1) whether the action to be transferred 'might have been brought' in the transferee venue; and (2) whether the balance of convenience and justice favors transfer." *Id.* (quoting *Flaherty*, 2002 WL 1891212, at *1). Plaintiff alleges to reside in Albany, New York.  Aside from plaintiff's apparent domicile, the complaint contains no connection to the Northern District of New York. *See generally id.*

Affording plaintiff due solicitude, the undersigned can only speculate as to where venue might lie based on the allegations in the complaint.  Regarding the defendants' places of residency, plaintiff alleges that they may reside in no fewer than five states, without providing any specific addresses, cities, towns, or counties. *See* Dkt. No. 1.  As to where a substantial part of the events or omissions giving rise to the claim occurred, straining the limits of solicitude, plaintiff contends that a rear-end collision occurred in Wisconsin[6]; a possible theft occurred in California; and possible harassment occurred

---

[4] As the Court recently provided plaintiff with copies of this unpublished case in connection with at least one of her recent cases,1:25-CV-01733 (MAD/PJE), *Flores v. Vang, et al.*, the Court does not provide additional copies.

[5] As the Court recently provided plaintiff with copies of this unpublished case in connection with at least one of her recent cases,1:25-CV-01733 (MAD/PJE), *Flores v. Vang, et al.*, the Court does not provide additional copies.

[6] *See, e.g., Luctama v. Knickerbocker*, 19 CV 8717 (VB) 2020 WL 1503563, at *4 (S.D.N.Y Mar. 30, 2020) ("Venue is improper in this district because defendant does not reside in New York, the car accident

somewhere on the East Coast.  None of the allegations that the undersigned can discern from the complaint are alleged to have occurred in the Northern District of New York.  Because plaintiff's apparent residence in the Northern District of New York is the sole connection this action has to this District, venue is improper in this District. *See* 28 U.S.C. §§ 1391(b)(2), 1404.

When a case is filed in a district in which venue is improper, the court shall dismiss the case, or "if it be in the interests of justice, transfer the case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a).  Whether to dismiss or transfer a case is discretionary.  *See Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993). The Second Circuit has cautioned that a court should not dismiss for improper venue on its own motion, "except in extraordinary circumstances." *Stitch v. Rehnquist*, 982 F.2d 88, 89 (2d Cir. 1992) (emphasis added).  "A court may dismiss an action sua sponte for improper venue after screening pursuant to 28 U.S.C. § 1915(e)(2) when it is obvious from the face of the complaint and no further factual record is required to determine that venue is improper." *Cockfield v. Georgia Pines Behav. Health Crisis Ctr*., No. 3:26-CV-00254 (VAB) (TOF), 2026 WL 679318, at *2 (D. Conn. Mar. 11, 2026) (internal citation and quotation marks omitted).

As the complaint contains no facts establishing that venue lies in this District and the Court cannot determine from the pleading the district in which venue would properly lie to allow for transfer, the undersigned determines that extraordinary circumstances exist and therefore recommends the complaint be dismissed without prejudice and

---

giving rise to plaintiffs' claims occurred in Connecticut, not New York, and defendant is not subject to personal jurisdiction in New York.").

5

without opportunity to amend.[7]  *See Stitch*, 982 F.2d at 89; *see generally Johnson v. New York State Dep't of Transportatio*n, No. 19-CV-11127 (CM), 2020 WL 419425, at *2 (S.D.N.Y. Jan. 24, 2020) ("In light of Plaintiff's litigation history, the Court finds that it is not in the interest of justice to transfer this matter to the United States District Court for the Western District of New York. Instead, the Court dismisses it without prejudice.  In deference to Plaintiff's pro se status, the Court would normally provide Plaintiff an opportunity to amend the complaint, but the Court finds that the complaint's deficiencies cannot be cured with an amendment.")

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's application to proceed in forma pauperis (Dkt. No. 2) is **GRANTED**; and it is

**RECOMMENDED**, that Plaintiff's complaint (Dkt. No. 1) be **DISMISSED without prejudice due to improper venue and without leave to amend**; and it is

**ORDERED**, that the Clerk of this Court serve a copy of this Report-Recommendation & Order on plaintiff in accordance with Local Rules.

**IT IS SO ORDERED.**

---

[7]  Even if plaintiff were able to establish that venue was proper in this District, the undersigned recognizes several deficiencies with the complaint that appear to render it futile.  It is clear that there is no federal question jurisdiction; thus, this matter would only be able proceed pursuant to this Court's diversity jurisdiction.  As for plaintiff's claims of "harassment," "abuse," "theft" or "fraud," dkt. no. 1 at 4, she does not have standing to enforce either state or federal criminal statutes nor seek the prosecution or investigation of private individuals.  *See Linda R.S. v. Richard D*., 410 U.S. 614, 619 (1973).  Next, it appears plaintiff is seeking to bring a personal injury action against the driver of the vehicle involved in a rear-end collision.  Plaintiff alleges that the accident, which caused her physical injury, occurred in 2013. *See generally* dkt. no. 1.  This Court applies New York's statute of limitations to personal injury claims, which is three years, running from the time the plaintiff knows or has reason to know of the injury forming the basis of her action.  *See* N.Y. C.P.L.R. § 214(5); *Singleton v. City of New York*, 632 F.2d 195. 191 (2d Cir. 1980) *cert. denied* 450 U.S. 920 (1981). Absent tolling – something plaintiff does not allege, nor does her complaint suggest – any such claim would appear barred by the statute of limitations.  Further, plaintiff contends that she suffered $40,000 in damages in connection with the motor vehicle accident, which does not meet the $75,000 diversity jurisdiction minimum if the other claims were to be dismissed from the case.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has FOURTEEN (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW. *See Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 72.[8]

Dated: June 11, 2026
Albany, New York

Paul J. Evangelista
U.S. Magistrate Judge

---

[8] If you are proceeding pro se and are served with this Report-Recommendation and Order by mail, three (3) additional days will be added to the fourteen-day (14) period, meaning that you have seventeen (17) days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. *See* FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. *See id.* § 6(a)(1)(c).